UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERON DIXON,<br><br>          Plaintiff,<br><br>     v.<br><br>M. FISHER,<br><br>          Defendant. | CASE NO. 1:15-cv-01672-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(ECF No. 1)**<br><br>**FIRST AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening. (ECF No. 1.)

## I.     SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   **PLAINTIFF'S ALLEGATIONS**

The acts giving rise to this action occurred while Plaintiff was housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names M. Fisher as the sole defendant.

Plaintiff's allegations may be summarized essentially as follows:

In June 2015, Plaintiff met with CC-I Moreno at CSATF regarding Plaintiff's "R" suffix. Plaintiff informed CC-I Moreno that the suffix was improper since he was not convicted of a rape-related charge and asked that it be removed. Plaintiff filed an appeal to have his "R" suffix removed, but the appeal was rejected as untimely since the "R"

suffix was first determined at Plaintiff's ICC/UCC hearing on March 25, 2008. Defendant Fisher has the ability to remove the "R" suffix or conduct a proper hearing.

### IV. ANALYSIS

#### A. Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiffs must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff's complaint does not include any charging allegation as to Defendant Fisher. Although Plaintiff contends that Fischer has the ability to remove the "R" suffix, there is no allegation that this Defendant even had knowledge of Plaintiff's request for reclassification. Plaintiff thus fails to demonstrate how Defendant Fisher personally participated in any deprivation of Plaintiff's rights.

#### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such liberty interests

are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").

Plaintiff has alleged no facts to indicate the existence of a liberty interest with respect to the assignment of the "R" suffix designation. Plaintiff cannot claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment as inmates have no liberty interest in custody classification decisions. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). The assignment of an "R" suffix simply does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal, 131 F.3d at 830; Cooper v. Garcia, 55 F. Supp. 2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, 1996 WL 107275, at *2–5 (N.D. Cal. 1996); Brooks v. McGrath, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).

While it appears that Plaintiff cannot state a cognizable due process claim based on receiving an "R" suffix classification, the Court will provide Plaintiff with an opportunity to amend. Should Plaintiff choose to amend, he must clearly plead facts demonstrating how the "R" suffix designation "imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

## V. **CONCLUSION AND ORDER**

The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff shall a first amended complaint curing the deficiencies identified by the Court in this order;

    2. The Clerk's Office shall send Plaintiff (a) a blank civil rights complaint form and (b) a copy of his complaint, filed November 4, 2015;

    3. If Plaintiff fails to file a first amended complaint, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015).

IT IS SO ORDERED.

Dated:   November 13, 2015          /s/ *Michael J. Seng*
                                                                   UNITED STATES MAGISTRATE JUDGE