UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERON DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. FISHER,<br><br>    Defendant. | CASE No. 1:15-cv-01672-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 9)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1, 4.)

On November 16, 2015, the Court dismissed Plaintiff's complaint for failure to state a claim, but gave leave to amend. (ECF No. 5.) His first amended complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are essentially unchanged from those contained in his initial complaint.

Plaintiff is incarcerated at California Substance Abuse Treatment Facility, where the acts giving rise to his complaint occurred. He names Correctional Counselor II M. Fisher as the sole defendant. His allegations may be summarized essentially as follows:

Plaintiff has been given an "R" suffix, which he believes is unwarranted. According to Plaintiff, Defendant Fisher and the Facility Captain are responsible for removing the "R" suffix or conducting a proper hearing. Prison officials are refusing to address or correct the alleged classification error.

On June 18, 2015, Defendant Fisher informed Plaintiff that his "R" suffix had been placed for ten years and would not be removed. Plaintiff again raised the issue of his "R" suffix at a June 25, 2015 "ICC/UCC Hearing" before Defendant and non-party Correctional Counselor Moreno. He received no response. Plaintiff attempted to file an administrative appeal but was told that his "R" suffix was determined in 2008 and that his appeal was beyond the thirty-day appeal deadline.

**IV.   ANALYSIS**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Under certain circumstances, labeling a prisoner with a particular classification

may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").

Plaintiff has alleged no facts to indicate the existence of a liberty interest with respect to the assignment of the "R" suffix designation. Plaintiff cannot claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment as inmates have no liberty interest in custody classification decisions. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). The assignment of an "R" suffix simply does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal, 131 F.3d at 830; Cooper v. Garcia, 55 F. Supp. 2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, 1996 WL 107275, at *2–5 (N.D. Cal. 1996); Brooks v. McGrath, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).

Plaintiff previously was advised of these deficiencies. Although the Court found it unlikely that the deficiencies could be cured through amendment, Plaintiff nonetheless was given leave to amend and an opportunity to demonstrate how the "R" suffix designation "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. He has failed to do so. Accordingly, his first amended complaint fails to state a claim and should be dismissed.

**V.     CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 13, 2016         /s/ Michael J. Seng
                              UNITED STATES MAGISTRATE JUDGE